All other questions raised in appellant's motion for a rehearing are passed on in the original opinion.

The motion for rehearing is overruled.

PRENDERGAST, J., fully concurs.

DAVIDSON, P. J. (dissenting). After reviewing the opinion of my Brethren, I have reached the conclusion it is unnecessary to do more than to enter my dissent without extended comment. I am persuaded that a casual reading of the opinion will be sufficient to demonstrate its legal unsoundness, as well as to discover the incongruities and fallacies to be found in it.

---

HERMANN v. McIVER et al.

(Court of Civil Appeals of Texas. San Antonio. Oct. 18, 1911. Rehearing Denied Nov. 15, 1911.)

1. BOUNDARIES (§ 37*) — ESTABLISHMENT — VERDICT.

In trespass to try title to determine the location of a boundary line, evidence *held* to sustain a special verdict for defendant.

[Ed. Note.—For other cases, see Boundaries, Dec. Dig. § 37.*]

2. BOUNDARIES (§ 41*)—INSTRUCTIONS.

In trespass to try title to determine the location of the division line between the R. and F. surveys, the court charged that the south line of the R. and the north line of the F. were coincident, and that it was the jury's duty, as far as they could from the testimony adduced, to follow the footsteps of the original surveyor, and that in determining such location the jury should follow the calls as they were set out in the written instruments offered in evidence, or, if necessary, in order to harmonize the various calls and lines, the jury might reverse the calls and trace them in any way they were permitted to be traced by the witnesses. *Held* not objectionable, as authorizing the jury to disregard the field notes and take the tracing of the witnesses, and permit the witnesses, instead of the jury, to locate the line.

[Ed. Note.—For other cases, see Boundaries, Dec. Dig. § 41.*]

Appeal from District Court, Harris County; Norman G. Kittrell, Judge.

Trespass to try title by George H. Hermann against J. W. McIver and others. Judgment for defendants, and plaintiff brings error. Affirmed.

See, also, 51 Tex. Civ. App. 270, 111 S. W. 766.

N. C. Abbott, for appellant. Hogg, Gill & Jones and Leonard Doughty, for appellees.

JAMES, C. J. The original petition was filed by Hermann in the usual form of trespass to try title. The amended original answer of J. W. McIver and J. N. McIver contains the plea of general denial and not guilty. There was a disclaimer of all the land sued for, except a strip about 156 varas wide, and as to this strip pleaded that it was a part of the B. H. Freeling survey owned by defendants; also title to same by the statute of ten years limitations; and, further, an agreed line as the northern boundary of said strip. It was agreed that Hermann owns in the Pleasant W. Rose survey, and that defendants own in the H. Freeling survey, and that the only question to be determined is the boundary line between the two surveys, as

fixed either in fact by actual survey or as agreed upon and fixed by the parties, and the question of limitations as pleaded by defendants.

The court submitted the case to the jury by special issues: (1) "Is the land in controversy on the Freeling survey or on the Rose survey?" The answer was that the land was in the Freeling survey. (2) "Were the defendants in open, notorious, adverse, and exclusive possession of the land in controversy, using, occupying, and enjoying the same, for ten years next before the 15th day of March, 1904?" The answer was: "They were." (3) "Was there, or was there not, an agreement entered into between the defendants, or either of them, with the plaintiff Hermann, that the line should be fixed where the defendants claim it is, and that it should be understood to be the dividing line between them?" Answer: "There was such an agreement." (4) "Do you find, or do you not, that the defendant J. W. McIver accepted a lease from the plaintiff, Hermann, for the land in controversy, and entered upon same as a tenant of Hermann?" Answer: "We find that he did not."

[1] The first, second, and third assignments of error complain of the verdict as not being sustained by the evidence, and as being contrary to the law of the case, and that under the evidence it should have been for plaintiff. A consideration of the testimony, especially that of the witness Bradburn, leads us to the conclusion of fact that the first of the above findings is supported by sufficient testimony. The manner adopted by Bradburn, which was by taking found corners and locating the lines by reversing the calls, was admissible. Some force is afforded the course adopted by Bradburn by the fact that it appears from the evidence that to place the southern boundary of the Rose according to plaintiff's contention, or in any other manner than according to Bradburn's work, the field notes would not close north and south by 92.8 varas and east and west by 248.5 varas. This witness gave facts as substantial reasons for his conclusion that the original surveyor did not run the south lines of the Rose on the ground, but filled in that part of the survey by calculation, and made an error in his calculations concerning the south line in question. The said assignments are overruled. Swenson v. Willsford, 84 Tex. 424, 19 S. W. 613; Burge v. Poindexter (Civ. App.) 56 S. W. 81.

[2] The fourth assignment complains of the following portion of the court's charge: "The south line of the Rose and the north line of the Freeling are coincident, that is, they are the same lines, and it is your duty, as far as you can from the testimony adduced before you (of the weight of which and the credibility of the witnesses you are the sole and exclusive judges), to follow the footsteps of the original surveyor, who put the south line of the Rose on the ground when it was first surveyed for the purpose of being patented by the state. And in determining this question you are authorized to follow the calls in the way in which they are set forth in the written instruments offered in evidence, or if you deem it necessary, in order to harmonize the various calls and lines, you are authorized to reverse the calls, and to trace them in any way they were permitted to be traced by the witnesses on the stand before you." It is contended that the effect of this instruction is to tell the jury that they were authorized to trace the lines in any manner the witnesses have traced the same, and to permit witnesses to tell the jury where the true line is located; that is to say, to pass on what is the true line, instead of the jury doing so, and to authorize the jury to disregard the field notes and take the tracing of the witness instead. We think the charge, properly considered, is not subject to these objections, and cannot well be said to even suggest them.

The fifth assignment complains of the submission of the issue of agreed line as not supported by evidence. It is unnecessary, in view of the first finding, which is sustained by the evidence, to consider this one. We may add that appellant's brief makes no attack upon or reference to the charge submitting the statute of limitations, nor to the finding of the jury thereon. That finding alone warrants the judgment, and errors, if any, in reference to the other issues submitted, are, after all, immaterial.

Judgment affirmed.